IN THE MATTER OF THE ESTATE OF JAMES F. LILLIS, DECEASED, LATE OF MONMOUTH COUNTY, NEW JERSEY.

MANUFACTURERS HANOVER TRUST COMPANY, EXECUTORS, ETC., APPELLANT, v. SIDNEY GLASER, DIRECTOR, DIVISION OF TAXATION, ETC., RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 20, 1973—Decided March 28, 1973.

Before Judges Carton, Mintz and O'Brien.

*Messrs. Galvin & McLaughlin,* attorneys for appellant (*Mr. Maurice B. McLaughlin,* on the brief).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Messrs. Herbert K. Glickman and Richard H. Saxe,* Deputy Attorneys General, on the brief).

The opinion of the court was delivered by

Carton, P. J. A. D. The issue involved in this appeal is whether the proceeds of certain life insurance policies on the life of decedent James F. Lillis are subject to New Jersey inheritance taxes.

Lillis died in July 1963. About a year earlier he had changed the beneficiary provisions on three life insurance policies he then owned. The change consisted of a direction that the proceeds of the policies should be paid to the trustee under the Last Will and Testament of the insured.

In his will testator placed all his property in two trusts under which Manufacturers Hanover Trust Company was designated trustee. Under the first, or marital trust, the trustee was authorized and directed to pay the income to testator's widow, Amanda, for her life, the principal to be distributed upon her death to such person as she by will appointed. Under the second trust the trustee was directed to pay the income to the widow for life, and upon her death, to testator's daughter for life, the principal to be distributed upon the daughter's death to her living descendants. The trustee was given power under both trusts to invade the principal for the benefit of the widow under certain conditions.

When Lillis died the proceeds of the three policies, totalling some $280,000, were turned over to Manufacturers in accordance with the trust and the policy provision. The Division of Taxation ruled that the proceeds were taxable under

N. J. S. A. 54:34–1 *et seq.* It took the position that these monies came within the definition of taxable transfers under N. J. S. A. 54:34–1. Manufacturers appealed that decision, contending that this sum was exempt pursuant to N. J. S. A. 54:34–4.

N. J. S. A. 54:34–1(a) imposes a transfer inheritance tax

Where real or tangible personal property situated in this State or intangible personal property wherever situated is *transferred by will* or by the intestate laws of this State from a resident of this State dying seized or possessed thereof. [Emphasis added]

It seems clear from this statutory language that the proceeds of decedent's life insurance policies come within the description of property "transferred by will" since such proceeds were transferred according to the terms of trusts established in his will. Thus, the transfers of such proceeds are subject to inheritance tax under this section unless they are elsewhere exempted.

Manufacturers contends that life insurance proceeds indeed are exempt from taxation by virtue of N. J. S. A. 54:34–4 (b), (c) and (f). Before examining these sections, we are mindful of the general principle that exemptions from taxation are strictly construed and the burden of proving tax exempt status rests upon the taxpayer. *Bloomfield v. Academy of Medicine of N. J.,* 47 N. J. 358 (1966).

Subsections (b) and (c) of N. J. S. A. 54:34–4 pertain to the movement of life insurance proceeds from a decedent named in a trust instrument. N. J. S. A. 54:34–4(c) exempts life insurance proceeds passing from a decedent to the trustee:

Property passing to a trustee or trustees of any trust deed or agreement heretofore or hereafter executed, by virtue of any contract of insurance heretofore or hereafter in force insuring the life of a resident or nonresident decedent and the proceeds of which are paid or payable at or after the death of such decedent to such trustee or trustees for the benefit of a beneficiary or beneficiaries having any present or future, vested, contingent or defeasible interest under such trust deed or agreement.

*N. J. S. A.* 54:34–4(b) exempts life insurance proceeds passing from the trustee to the beneficiary:

Property passing to a beneficiary or beneficiaries having any present or future, vested, contingent or defeasible interest under any trust deed or agreement, heretofore or hereafter executed by a resident or nonresident decedent, to the extent that the trust fund results from the proceeds of contracts of insurance heretofore or hereafter in force, insuring the life of such decedent, and paid or payable, at or after the death of such decedent, to the trustee or trustees under such trust deed or agreement.

We construe these exemptions to apply solely to the *inter vivos* trusts specified in those provisions and not to be applicable to testamentary trusts such as the trusts created by decedent's will. This we think is evident from the language of the exemptions themselves and also from their legislative history. It appears that the exemptions established in subsections (b) and (c) were adopted in 1929 (*L.* 1929, *c.* 144, § 1, pp. 250, 253) in response to the decision in *Fagan v. Bugbee,* 105 *N. J. L.* 85 (Sup. Ct. 1928). In *Fagan* testator had executed a trust agreement on March 16, 1927. On that date he caused several life insurance policies that he owned to be payable, upon his death, to the trustee under the trust agreement. He died less than one month later. The court ruled that the proceeds of the policies were taxable under *N. J. S. A.* 54:34–1.

The Division contends, and we agree, that *Fagan v. Bugbee* was concerned solely with an *inter vivos* trust where decedents will played no part in the devolution of the property, but rather the beneficiaries were named in the *inter vivos* trust. Therefore, the intent of the Legislature in enacting subsections (b) and (c) was solely to permit the transfer of life insurance proceeds to the named beneficiaries of an *inter vivos* trust without imposition of a transfer inheritance tax. The language of those subsections clearly reflects this intention. Both subsections exempt life insurance proceeds passing to a beneficiary "under any trust deed or agreement."

█ █ A deed of trust is a classic way of creating an *inter vivos* trust and can involve real estate. Delivery and acceptance are essential features of a deed. If there is no consideration given by the beneficiary, the transfer is a gift. When the trust deed does involve consideration by the beneficiary, it constitutes a contract. In either situation, the transaction is between living people. This conforms with the concept of a deed as an *inter vivos* transfer. It is thus evident that the language of subsections (b) and (c), referring as they do specifically to a "trust deed or agreement," applies only to an *inter vivos* transaction between living persons whereby the rights to insurance proceeds are conferred upon the beneficiary prior to the decedent's death. See *Bogert, Trusts and Trustees* (2d ed. 1965), § 50 at 238; *Scott, Trusts* (3d ed. 1967), §§ 14.1, 22, at 142, 190. On this thesis a disposition of life insurance proceeds by means of a testamentary trust such as that involved in the present case is not exempt from taxation under these sections.

Manufacturers also argues that subsection (f) gives the proceeds an exempt status. That subsection exempts the proceeds of any life insurance contract paid or payable to any beneficiary other than the estate or the executor of such decedent.

█ Subsection (f) was enacted by *L.* 1939, *c.* 303, § 1, *p.* 732. The statement accompanying the bill explains that its purpose is to make changes of beneficiaries taxable under the circumstances described in *Fidelity Union Trust Co., Ex'r of Gemmell v. McCutcheon [In re Gemmell]*, 123 *N. J. Eq.* 315 (Prerog. 1938). In Gemmell there were two life insurance policies, each in the amount of $5,000, in the name of Gemmell, payable to his estate. Shortly prior to his death Gemmell changed the beneficiary from his estate to his wife, reserving the right to make further changes of beneficiaries. However, he did not do so prior to his death. The court held that the change of beneficiary from his estate to his wife was taxable under *N. J. S. A.*

54:34–1(c) as a "bargain * * * intended to take effect * * * at or after [decedent's] death."

In view of the Legislature's stated purpose of dealing with a specific situation described in the *Gemmell* case, it appears that the Legislature was considering the taxability of life insurance proceeds on a case-by-case basis and that no overall plan as to whether such proceeds would or would not be taxed had evolved. See *Tilney v. Kingsley*, 43 *N. J.* 289, 297 (1964). In our view, the application of subsection (f) should be limited to exemptions under circumstances similar to those in the *Gemmell* case.

That situation is not presented here. The Legislature does not appear to have dealt with the situation where the proceeds of an insurance policy are to be paid to a testamentary trust. It, of course, may determine that such proceeds should be exempted from taxation. The fact that bills may have been introduced in the State Assembly and Senate in April 1971 and June 1972 dealing with situations of the kind involved in this case tends to confirm the interpretation that the proceeds of life insurance policies paid to testamentary trusts are not covered by presently existing exemptions.

Affirmed.